IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARWAN WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>Defendant. | Case No. 2:24-cv-11491 |

**DEFENDANT NAVY FEDERAL CREDIT UNION'S**
**<u>NOTICE OF REMOVAL</u>**

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

Pursuant to 28 U.S.C. § 1331, 1441 and 1446, Defendant Navy Federal Credit Union ("Defendant"), by counsel, hereby removes this action from the 37th District Court for the State of Michigan, to the United States District Court for the Eastern District of Michigan. Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, Defendant removes this action and, in support of their Notice of Removal, state the following:

**I.     BACKGROUND**

1. Plaintiff Marwan Williams ("Plaintiff") commenced the State Court Action against Defendants on April 12, 2024 by filing a Complaint in the 37th District

1

Court for the State of Michigan, Case No. 243027 GC (the "Complaint").  Pursuant to 28 U.S.C. § 1446(a), a copy of all process pleadings, and orders served on the Defendant in the State Court Action are attached hereto as **Exhibit A**.

2. On May 10, 2024, Defendant was served with a copy of the Complaint via United States Postal Service certified mail.

3. This Notice of Removal is being filed within thirty days of service of the Complaint.  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

4. This Notice of Removal is being filed within one (1) year of the date of commencement of the action for removal purposes.

5. In the Complaint, Plaintiff alleges violations of the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681 *et seq.*  Plaintiff also alleges violations of several other federal statutes, including 15 U.S.C. § 1611 and 18 U.S.C. § 894.

6. Defendant denies the allegations in the Complaint, denies that Plaintiff has stated a claim for which relief may be granted, and denies that Plaintiff has been damaged in any manner.  Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, he could have originally filed his Complaint in this Court under federal question jurisdiction because resolution of Plaintiff's claims will require determination of significant disputed issues under federal law.

## II.     FEDERAL QUESTION JURISDICTION

7.     This Court has original jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1331, which states that federal question jurisdiction is appropriately exercised over "all civil actions arising under the Constitution, laws, or treaties of the United States."

8.     Removal of this action is proper under 28 U.S.C. § 1441(a), which provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

9.     Federal question jurisdiction exists over this action because the allegations Plaintiff asserts in the Summons and Complaint involve questions that will require resolution of significant, disputed issues arising under federal law. This case qualifies for federal question jurisdiction and is removable because Plaintiff's Complaint alleges claims under, and requires a ruling on, the FCRA.

10.    Pursuant to 28 U.S.C. § 1441(b), removal is proper irrespective of the citizenship or residences of the parties.

### III. VENUE

11. Venue is proper in this Court because this district encompass the 37th District Court for the State of Michigan, the forum from which the case has been removed. *See* 28 U.S.C. § 1441.

### IV. NOTICE

12. Concurrent with the filing of this Notice, Defendant will file a Notice of Filing of Notice of Removal with the Clerk of the 37th District Court for the State of Michigan and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing of Notice of Removal, without Exhibit 1, is attached hereto as **Exhibit B**.

13. Upon information and belief, the contents of **Exhibit A** and **Exhibit B** constitute the entire file of the action pending in the state court as required pursuant to 28 U.S.C. § 1446(a).

14. Defendant reserves the right to amend this Notice of Removal.

15. If any questions arise as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and argument in support of their position that this case is removable.

WHEREFORE, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all the jurisdictional requirements of 28 U.S.C. § 1331, Defendant Navy Federal Credit Union hereby removes this action from the 37th

District Court for the State of Michigan to the United States District Court for the Eastern District of Michigan and seeks whatever further relief this Court deems equitable and just.

Dated: June 7, 2024　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　**NAVY FEDERAL CREDIT UNION**
　　　　　　　　　　　　　　　　　**and MARY MCDUFFIE**

　　　　　　　　　　　　　　　　　*/s/ Mark D. Kundmueller*
　　　　　　　　　　　　　　　　　David M. Gettings, Esq.
　　　　　　　　　　　　　　　　　Mark D. Kundmueller, Esq. (P66306)
　　　　　　　　　　　　　　　　　TROUTMAN PEPPER HAMILTON SANDERS LLP
　　　　　　　　　　　　　　　　　222 Central Park Avenue, Suite 2000
　　　　　　　　　　　　　　　　　Virginia Beach, Virginia 23462
　　　　　　　　　　　　　　　　　Telephone: (757) 687-7541
　　　　　　　　　　　　　　　　　dave.gettings@troutman.com
　　　　　　　　　　　　　　　　　mark.kundmueller@troutman.com

　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　*Navy Federal Credit Union*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2024, I caused a copy of the foregoing *Defendant Navy Federal Credit Union's Notice of Removal* to be electronically filed with the U.S. District Court, Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.

I further certify that a courtesy copy will be sent via Federal Express to the following:

    Marwan Williams, *Pro Se*
    8452 Rivard Ave.
    Warren, Michigan 48089

    */s/ Mark D. Kundmueller*
    Mark D. Kundmueller, Esq.

172205746